UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY LUNDQUIST et al., | CASE NO. C20-1644 MJP |
| Plaintiffs, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| SEATTLE SCHOOL DISTRICT NO. 1, et al., | |
| Defendants. | |

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand (Dkt. No. 15). Having read the Motion, the Response (Dkt. No. 18), the Reply (Dkt. No. 20), and all related documents, the Court GRANTS the Motion and REMANDS this matter to King County Superior Court.

**Background**

1.  Nature of the Case

Plaintiff, Timothy Lundquist, was employed by the Seattle School District ("District") from 1999 until 2017. (Dkt. No. 1, Ex. 2, Second Amended Complaint ("SAC"), ¶ 3.) Plaintiff

1    was paid for his teaching duties partly through state funding, with an additional 30 percent of his

2    regular pay from "Time Responsibility Incentive" ("TRI"), funded by local levies. (Id., ¶¶ 5-7.)

3    As part of his contract with the District, Plaintiff was guaranteed disability benefits through a

4    long-term disability policy issued by Defendant, Standard Insurance Company. (Id., ¶ 10.)

5           In July 2015, Plaintiff was diagnosed with Parkinson's disease, and by the spring of 2017

6    he was totally disabled and could no longer teach. (Id., ¶¶ 15, 17.)  Plaintiff began collecting

7    disability payments under the disability policy issued by Standard. (Id., ¶ 18.)  Standard's

8    payments to Plaintiff were initially calculated based on Plaintiff's total income, including TRI

9    pay. (Id.)  But in July 2017, Standard wrote Plaintiff a letter stating that it had incorrectly

10   included his TRI pay as part of his benefits calculation and had thus "overpaid" him. (Id., ¶ 19.)

11   Plaintiff requested review of Standard's decision and Standard affirmed its position that

12   Plaintiff's "annual rate of earnings" included only his state-funded pay. (Id., ¶ 21.)

13          Plaintiff alleges that both the District and Standard have a contractual obligation to

14   Plaintiff to provide the benefits in the long-term disability policy and are therefore co-obligors of

15   the benefit. (Dkt. No. 15 at 7-8.)

16          2.  Superior Court Action

17          On January 24, 2019 Plaintiff filed suit against the District in King County Superior

18   Court.  See Timothy Lundquist v. Seattle School District No. 1 & Standard Insurance Co., No.

19   19-2-02607-3 (King Cty. Super. Ct.).  In its Answer, the District raised an affirmative defense

20   that Plaintiff's claims are subject to the grievance procedure in the Collective Bargaining

21   Agreement ("CBA") and that he failed to exhaust his remedies under the CBA.

22          On July 2, 2019, upon the Parties' cross motions for summary judgment, the Superior

23   Court denied the District's motion, finding that the collective bargaining agreement ("CBA")

24

1    does not govern the dispute as a matter of law, and therefore Plaintiff was not required to grieve

2    the issue under the CBA.  (Dkt. No. 12, Ex. 2 at 434-35.)  The following week, the Superior

3    Court certified a class of disabled school district employees.  (Id. at 436-38.)

4         3.   Appeals

5         The District filed a "Notice of Appeal" regarding the Superior Court's orders.  Plaintiff

6    objected to the District's Notice of Appeal because neither order was a "Final Judgment" or a

7    "Decision Determining Action," and sought an expedited ruling that the notice of appeal should

8    be treated as a notice of discretionary review.  (Id. at 444.)

9         On August 6, 2019, Commissioner Mary S. Neel of Division I of the Washington Court

10   of Appeals ruled that the District's appeal could go forward.  (Id. at 453.)  Commissioner Neel

11   found, however, that the court's order certifying a class was not appealable except under the

12   rules governing discretionary review.  (Id.)  The plaintiff class moved to modify Commissioner

13   Neel's ruling as to the CBA; a Washington Court of Appeals panel granted the motion to modify

14   in part, ordering the parties to brief the appealability issue and agreeing that the issue should be

15   argued along with the merits at oral argument.  (Id. at 289-90, 422-47.)

16        4.   Standard Added as a Defendant

17        On May 14, 2020 the plaintiff class moved to amend the complaint to add Standard as a

18   Defendant.  (Id., Ex. 5 at 123-150.)  The court denied the motion without prejudice, concluding

19   that it lacked the authority to address the motion while the District's appeal was pending.  (Id. at

20   163-4.)  On July 8, 2019 the Washington Court of Appeals Commissioner Masako Kanazawa

21   ordered further trial court proceedings stayed pending review of the District's appeal, but

22   allowed a limited exception: the trial court was granted permission to address the plaintiffs'

23

24

1    pending motion for leave to amend.  (Id., Ex. 6 at 123.)  The motion to amend was granted and

2    Standard was served on August 4, 2020.  (Dkt. No. 1, Notice of Removal, at 2.)

3          On October 15, 2020, the Commissioner modified the stay to allow the claims against

4    Standard to proceed.  (Dkt. No. 12, Ex. 6. at 29.)  The entirety of the Order states:

5          The stay remains in place as to the Seattle School District. The District does not
           assert that plaintiffs' litigation with Standard Insurance Company during this
6          appeal would harm the District, so long as the litigation as to Standard is
           separated from the litigation as to the District. Plaintiffs do not oppose such
7          separation or bifurcation. Plaintiffs may proceed with their claim against
           Standard, with a proviso that a stay of the trial court proceedings remains in effect
8          as to the District, including any discovery.

9    (Id.)  On November 6, 2020 Standard removed the action to this Court.  (Dkt. No. 1.)  While

10   Plaintiff and the District are both citizens of Washington, Standard is an Oregon corporation and

11   therefore contends the Court has diversity jurisdiction over the contract dispute because

12   Commissioner Kanakawa's order "severed" the litigation against the District from that of

13   Standard.  (Id.)   Plaintiff now moves to remand.  (Dkt. No. 15.)

14

15                                        **Discussion**

16   **I.      Legal Standard**

17         The removal statute is strictly construed against removal jurisdiction, and the "strong

18   presumption" against removal jurisdiction means that the defendant always has the burden of

19   establishing that removal is proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)

20   (citations omitted); see also McDaniel v. Garmin, Ltd., No. C12-2243RAJ, 2013 WL 1163795, at

21   *1 (W.D. Wash. Mar. 18, 2013) (quoting Gaus, 980 F.2d at 567) (noting that when a plaintiff

22   challenges removal jurisdiction, the defendant bears the burden of "actually proving the facts to

23   support jurisdiction[.]").  The defendant is obligated to do so by a preponderance of the evidence.

24   Id. at 567.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 4

1    Here, Plaintiff argues that removal was improper because there is no diversity jurisdiction

2    and removal is procedurally barred.  (Dkt. No. 15.)  For the reasons discussed below, the Court

3    agrees and finds that Standard has not met its burden of proving the facts to support jurisdiction.

4        **A.  No Diversity Jurisdiction**

5    Standard contends that although the state court complaint originally named diverse and

6    non-diverse parties, by "moving to lift the stay and proceed against Standard separately, Plaintiff

7    has voluntarily severed or bifurcated his claims against Standard from those against the District."

8    (Dkt. No. 1 at 6.)  Standard's argument is not supported by the Commissioner's Order or by the

9    cases Standard cites.

10   Under the text of the Order, Plaintiff's litigation against the District is "separate[ed] or

11   bifurcate[ed]," not severed or dismissed.  (Dkt. No. 12, Ex. 6 at 29.)  Commissioner Kanakawa

12   does not order a separate case number for the claim against Standard and the caption in the

13   Superior Court remains the same. The separation Order contemplates claims against two

14   defendants occurring before the same trial court, but with the proceedings temporarily stayed as

15   to the District. That Commissioner Kanakawa ordered separation, not severance, makes sense

16   because Plaintiff's factual allegations against the District and Standard are nearly identical and

17   his claims arise from the same contractual language.  (See SAC.)  As this Court has previously

18   noted, the question posed by the litigation is "who bears responsibility between the District and

19   Standard for the inadequacy of Mr. Lundquist's disability payments, which he alleges are

20   improperly based on less than his full salary." Standard Insurance Co. v. Seattle School Dist.

21   No. 1, Case No. 20-1097 MJP, Dkt. No. 28 at 2.  It defies common sense to litigate half this

22   question in King County Superior Court and the other half in federal court.

23

24

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 5

1    And although Standard repeatedly cites to rules and cases addressing severance, (see,

2    e.g., Dkt. No. 18 at 6 (citing 14A Wash. Prac., Civil Procedure § 28:4, Severance (3d ed.))),

3    Standard's own briefing gives it away: "The October 15 Order severed Plaintiff's new case

4    against Standard because it granted Plaintiff's motion to lift the stay so long as the litigation as to

5    Standard is separated from the litigation as to SSD."  (Dkt. No. 18 at 6 (emphasis added).)

6    Standard's linguistic gymnastics notwithstanding, severance and separation are different

7    concepts.

8    Further, the cases Standard cites not only fail to support its argument but demonstrate that

9    removal was improper.  As stated by the Ninth Circuit in Self v. General Motors Corp., 588 F.2d

10   655 (9th Cir. 1978), "it is clear that the existence of federal jurisdiction is to be determined solely

11   by an examination of the plaintiff's case, without recourse to the defendant's pleadings."  588

12   F.2d at 657. A case can only be "converted into a removable one . . . by the voluntary

13   amendment of his pleadings by the plaintiff or, where the case is not removable because of

14   joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or of parties[.]"  Id.

15   at 659; see also Rosa v. Am. Family Mut. Ins. Co., S.I., No. C19-1988 RSM, 2020 WL 1041494,

16   at *1 (W.D. Wash. Mar. 4, 2020) (where the trial court retained jurisdiction to approve the

17   arbitration award with the domestic defendant, the court found defendant's contention that the

18   court "may now snatch the action from the state court . . . . turns removal jurisdiction on its

19   head"); Bayview Apts., Assocs. v. Cont'l Western Ins. Co., C07-5297-RBL, 2007 WL 2041976,

20   *3 (W.D. Wash. July 11, 2007) (finding that the possibility of even one "potentially actionable

21   claim" against one of the domestic defendants, "would defeat diversity.")  Thus, Standard cites

22   cases establishing that removal is only appropriate where the plaintiff voluntarily dismisses a

23

24

1  party or files purely non-actionable claims against the domestic defendants.  Otherwise, the

2  plaintiff's choice of forum is honored.

3        Here, Plaintiff has undertaken a tremendous effort to pursue his claims against the

4  District, actions that are contrary to a "voluntary dismissal or nonsuit." Plaintiff successfully

5  opposed the District's motion for summary judgment, argued against the appealability of the

6  order, and filed multiple motions to modify the Commissioner's orders with the aim of

7  continuing the case against the District.  Plaintiff also successfully moved for certification of a

8  similarly-situated class, an acknowledgment that his claims and those of the class are actionable.

9  Because Standard has not established that Plaintiff voluntarily dismissed the District or that his

10  claims against the District are frivolous, the Court finds that removal was improper.

11        **B.  Procedurally Barred**

12        Plaintiff argues that Standard's removal is also procedurally barred, as Standard failed to

13  obtain permission from the District, removed the action more than 30 days after it was served

14  with the SAC, and submitted its notice of removal more than a year after the initial complaint

15  was filed.  The Court need not consider Standard's arguments as to the first two procedural

16  defects because Standard has failed to demonstrate that it is excused from the "strictly applied"

17  one-year bar on removal.  See Hill v. State Farm Mut. Auto. Ins. Co., No. 13-CV-0607JLR, 2013

18  WL 3242529, at *4 (W.D. Wash. June 24, 2013).

19        A case that is not initially removable may not be removed on the basis of diversity

20  jurisdiction "more than 1 year after commencement of the action, unless the district court finds

21  that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

22  28 U.S.C. § 1446(c)(1).  "[D]etermining whether plaintiffs have acted in bad faith to prevent

23  removal necessarily involves looking into the plaintiffs' subjective intent' in naming a non-

24

1   diverse defendant." <u>Heacock</u>, 2016 WL 4009849, at *2 (quoting <u>Heller v. Am. States Ins. Co.</u>,

2   2016 WL 1170891, at *2 (C.D. Cal. Mar. 25, 2016)); <u>see also</u> <u>Scott, et al., v. Monroe, et al.</u>, Case

3   No. C20-1550-RSM-MAT, 2021 WL 373173, at *3 (W.D. Wash. Jan. 11, 2021) (finding the bad

4   faith exception "applies to plaintiffs who join defendants solely to prevent removal, and then

5   dismiss them after the one-year deadline has expired when they could have kept them in the

6   suit.").

7        Although Standard admits that the bad faith requirement is a "high bar," and requires

8   "strong evidence of the plaintiff's subjective intent," Standard nevertheless fails to submit any

9   evidence of bad faith, instead pointing only to Plaintiff's delay in adding Standard as a party.

10  (Dkt. No. 18 at 14.)  "This Court cannot find bad faith on the basis of defendant's conclusory

11  assertion that this is 'the only logical explanation.'" <u>Kulaas v. State Farm Mut. Auto. Ins. Co.</u>,

12  No. C13-485RSM, 2013 WL 2627138, at *2 (W.D. Wash. June 11, 2013).  Standard, who has

13  the burden of demonstrating jurisdiction, presents no evidence here of subjective intent, let alone

14  bad faith. Because the Court must "strictly construe the removal statute against removal

15  jurisdiction," so that any doubt as to the right of removal is resolved in favor of remanding the

16  case to state court, the Court GRANTS Plaintiff's Motion to Remand.

17                              **Conclusion**

18        Standard has failed to meet its burden of demonstrating federal jurisdiction. Plaintiff did

19  not voluntarily dismiss the District in the Superior Court action and Standard presents no

20  evidence that would excuse it from the strictly construed one-year limitation on removal.

21  Plaintiff's Motion (Dkt. No. 15) is therefore GRANTED and this matter is REMANDED to the

22  King County Superior Court.

23

24

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 8

1    The clerk is ordered to provide copies of this order to all counsel and to the clerk of the

2    King County Superior Court.

3

4    Dated February 9, 2021.

5

6

Marsha J. Pechman

7    United States Senior District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24